JMR/2014R00187

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 17- 4 3 7 (JBS) |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS OCHS | : | 18 U.S.C. §§ 641, 1040, 1341 and 2 |
| | : | 18 U.S.C. § 981 |
| | : | 28 U.S.C. § 2461 |

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Camden,
charges:

**COUNT 1**
**[18 U.S.C. § 1040 – Disaster Fraud]**

I.    Background

1.    At all times relevant to this Indictment:

Federal Emergency Management Agency

a.    The Federal Emergency Management Agency ("FEMA") was a
constituent agency of the United States Department of Homeland Security and
a member of the Executive Branch of the United States Government.    FEMA
was responsible for, among other things, preparing the nation for hazards,
managing federal response and recovery efforts following any national incidents
and administering the National Flood Insurance Program ("NFIP").

National Flood Insurance Program

b.    In 1968, Congress enacted the National Flood Insurance Act
of 1968 ("NFIA") which established the NFIP.    See 42 U.S.C. §§ 4001–4129.

1

The NFIP was underwritten by the United States Treasury in order to provide flood insurance below actuarial rates. See 42 U.S.C. § 4017. The NFIP was administered by FEMA. See 42 U.S.C. § 4011.

   c. In 1983, FEMA established a program within the NFIP known as "Write Your Own" ("WYO"), which allowed for certain private insurers to issue standard, government-guaranteed flood insurance policies in their own names with limits of up to $250,000 for flood-based building damage and $100,000 for flood damage to personal property. WYO insurers charged a fee for administering the policy, but when claims were made, they were paid out of the United States Treasury.

   Disaster and Fraud on FEMA Generally

   d. When a natural disaster struck and a Presidential Disaster Declaration was made pursuant to the Robert T. Stafford Disaster Relief and Emergency Assistant Act, 42 U.S.C. §§ 5121-5206 ("The Stafford Act"), eligible individuals could seek financial assistance from FEMA when displaced by the natural disaster.

   e. When a natural disaster or federal emergency occurred in the United States, federal agencies such as FEMA were designed to provide relief and assistance to affected individuals and entities. FEMA provided financial assistance by, among other things, helping affected individuals repair their property and paying for emergency housing (rental assistance to ensure

2

the affected individuals had a habitable place to live while their property was being repaired).

The Defendant and Other Entities

f.   Defendant NICHOLAS OCHS was a resident of Ambler, Pennsylvania.

g.   Defendant NICHOLAS OCHS's elderly mother resided at a property in Ocean City, New Jersey (hereinafter "the Subject Property"). The back of the Subject Property accessed the Great Egg Harbor Bay.

h.   Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., held a mortgage on the Subject Property. As part of that mortgage, defendant OCHS's mother maintained flood insurance though Fidelity National Property and Casualty Insurance Corp.

i.   Builders #1 and #2 were contractors that worked in the Ocean City, New Jersey area.

j.   The Wright Insurance Group ("Wright"), located in Uniondale, New York, was an insurance company that provided various types of insurance. Wright National Flood Insurance Company ("Wright Flood"), located in St. Petersburg, Florida, was a member of Wright.

k.   In 2011, Wright purchased Fidelity National Property and Casualty Insurance Corp.'s flood insurance business. Fidelity National Property and Casualty Insurance Corp. was a WYO program insurance carrier that participated in the issuance of flood insurance under the NFIA. Fidelity

3

National Insurance Services, L.L.C. ("Fidelity") was a third-party vendor that serviced the federal flood insurance policies issued by Fidelity National Property and Casualty Insurance Corp.

### The Damage from Hurricane Sandy

l.     In October 2012, the various counties of New Jersey, including Cape May County, suffered a severe storm, Hurricane Sandy, which caused significant damage due to wind, rain, and flooding (hereinafter "Hurricane Sandy").

m.     On or about October 30, 2012, President Barack Obama signed a Presidential Disaster Declaration for the State of New Jersey (DR-4086 – Hurricane Sandy) pursuant to The Stafford Act.   This enabled eligible individuals to seek financial assistance from FEMA when displaced by the storm.

## II.     Defendant's Scheme

### The Charge

2.     From in or about January 2013 to in or about December 2013, in Cape May County, in the District of New Jersey, and elsewhere, in a matter involving benefits authorized, transported, transmitted, transferred, disbursed, and paid in connection with a major disaster declaration under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5170, defendant

### NICHOLAS OCHS

4

knowingly made materially false, fictitious, and fraudulent statements and representations to FEMA, verbally and in writing, in a matter involving benefits authorized, transported, transmitted, transferred, disbursed, and/or paid in connection with a major disaster declaration.

The Scheme

3.    On or about January 4, 2013, defendant NICHOLAS OCHS, on behalf of his elderly mother, filed an application with FEMA seeking federal rental assistance and assistance for personal property damage under FEMA's Individual Assistance Program claiming that the Subject Property was damaged as a result of Hurricane Sandy and was unfit for occupancy.

4.    On or about January 4 and 7, 2013, an inspector working on behalf of FEMA inspected the Subject Property and determined that the Subject Property was uninhabitable, that repairs were required, and that the home owner had moved.   During the inspection, defendant NICHOLAS OCHS, acting as power of attorney, signed the application on behalf of his mother attesting that all the information on the application was true and correct.   By signing the application, defendant OCHS acknowledged that any disaster relief money awarded would be returned if his mother received insurance benefits for the same loss.

5.    On or about January 7, 2013, FEMA sent defendant NICHOLAS OCHS's mother a letter addressed to the Subject Property, notifying her that FEMA denied the claim because the Subject Property was covered by a flood

5

insurance policy.  The letter advised that defendant OCHS's mother could re-apply if some of the damage was not covered by her insurance policy but she would have to send in her insurance settlement documentation or denial letter to FEMA.

6.    On or about January 22, 2013, FEMA received a flood declaration page, a homeowner declaration page and schedule of forms and endorsements for the Subject Property, which falsely stated that Fidelity would not pay any insurance money for the loss.

7.    On or about February 8, 2013, FEMA awarded defendant NICHOLAS OCHS's mother funds for rental assistance and home repair based on the January 22, 2013 false submission.

8.    In applying to FEMA for home repair and rental assistance claiming that his mother was displaced by Hurricane Sandy, defendant NICHOLAS OCHS submitted false and fraudulent leases claiming that, as a result of being displaced, his mother was renting another property on the same block in Ocean City.  Defendant OCHS also provided false and fictitious rental receipts.  Defendant OCHS failed to disclose that the property his mother was renting was owned by his family and that no rent was ever paid.

9.    To support his mother's continued need for rental assistance, defendant NICHOLAS OCHS was required to complete FEMA forms, including Declaration of Continuing Need for Temporary Rental Assistance.  The forms were sent via facsimile to FEMA in Hyattsville, Maryland.  Each form

6

contained a declaration that it was submitted under penalty of perjury. At various times between January 2013 and December 2013, to support his mother's continued rental assistance, defendant OCHS also faxed false and fraudulent lease agreements and rental receipts.

10. On or about February 8, 2013, defendant NICHOLAS OCHS contacted FEMA and made a claim for transportation assistance based on his false claim that his mother's 1985 Mercedes Benz was damaged by Hurricane Sandy. In applying to FEMA for transportation assistance on behalf of his mother, claiming that his mother's 1985 Mercedes Benz automobile was damaged by Hurricane Sandy, defendant OCHS made false representations and submitted false and fraudulent documentation to support the claim.

11. Between February 2013 and December 2013, FEMA paid defendant NICHOLAS OCHS's mother $17,229 for rental assistance and $4,345 for home repairs, through the issuance of direct deposits through electronic funds transfers into bank accounts that defendant OCHS controlled. Defendant OCHS then used the money to pay his personal expenses.

12. The total amount of FEMA benefits for rental assistance and home repair that defendant NICHOLAS OCHS collected to which he was not entitled was approximately $21,574.

In violation of Title 18, United States Code, Sections 1040(a)(2) and (b)(3), and Title 18, United States Code, Section 2.

7

## COUNTS 2 to 6
## [18 U.S.C. § 1341 – Mail Fraud]

1. Paragraph 1 and paragraphs 3 through 12 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2. On or about November 1, 2012, defendant NICHOLAS OCHS submitted a claim to Fidelity for reimbursement based on flood damage to the Subject Property.

3. On various dates between December 2012 and June 2013, Fidelity and Wright Flood paid approximately $61,642 to defendant NICHOLAS OCHS's mother for damage to his mother's personal property within the Subject Property. Wright Flood paid approximately $169,518 to Wells Fargo for damage to the Subject Property's structure. Wells Fargo held those funds in escrow on behalf of defendant OCHS's mother pending the completion of repair work.

4. From in or about November 2012 through in or about November 2013, in Cape May County, in the District of New Jersey and elsewhere, defendant

### NICHOLAS OCHS

did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as set forth below.

8

5.    It was part of the scheme and artifice to defraud that defendant NICHOLAS OCHS contracted with various Builders, including Builders #1 and #2, to perform minor repairs to the Subject Property.

6.    It was further part of the scheme and artifice to defraud that defendant NICHOLAS OCHS submitted to Wells Fargo false and fraudulent invoices from the Builders that inflated the value of the work that the Builders performed so that Wells Fargo would release the escrowed insurance funds.

7.    It was further part of the scheme and artifice to defraud that defendant NICHOLAS OCHS caused Wells Fargo to mail to the Subject Property checks which represented insurance payments addressed to his mother and some addressed to his mother and the Builders based on the false and fraudulent invoices.

8.    It was further part of the scheme and artifice to defraud that defendant NICHOLAS OCHS, on behalf of his mother, and based on the false and fraudulent invoices, received approximately $231,160 in insurance reimbursements from Fidelity and Wright Flood, which were held in escrow by Wells Fargo, for damages to the Subject Property.

9.    It was further part of the scheme and artifice to defraud that defendant NICHOLAS OCHS signed his mother's name and deposited the checks into bank accounts that he controlled.   Thereafter, defendant OCHS used the money to pay personal expenses.

9

10.    It was further part of the scheme and artifice to defraud that defendant NICHOLAS OCHS never repaid FEMA which indemnified the insurance claims.

11.    On or about the dates listed below, in Cape May County, in the District of New Jersey and elsewhere, defendant

NICHOLAS OCHS

having devised and intending to devise the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, knowingly and with fraudulent intent placed or caused to be deposited in a post office and authorized depository for mail to be delivered by the United States Postal Service and any private or commercial carrier certain mail matters as more fully described below which contained checks addressed to various builders and defendant OCHS's mother at the Subject Property in Ocean City, New Jersey totaling approximately $169,518.37:

| Count | Approximate Date | Description |
|:-----:|:-----------------|:------------|
| 2 | 5/23/2013 | Wells Fargo Bank, N.A. paid to the order of Builder #2 and defendant NICHOLAS OCHS's mother in the amount of $33,333.33 |
| 3 | 6/24/2013 | Wells Fargo Bank, N.A. paid to the order of Builder #1 and defendant NICHOLAS OCHS's mother in the amount of $33,333.33 |
| 4 | 8/5/2013 | Wells Fargo Bank, N.A. paid to the order of Builder #1 and defendant NICHOLAS OCHS's mother in the amount of $46,345.58 |
| 5 | 9/17/2013 | Wells Fargo Bank, N.A. paid to the order of Builder #1 and defendant NICHOLAS OCHS's mother in the amount of $28,253.07 |

| 6 | 10/13/2013 | Wells Fargo Bank, N.A. paid to the order of Builder #1 and defendant NICHOLAS OCHS's mother in the amount of $28,253.06 |
|---|---|---|

In violation of Title 18, United States Code, Section 1341, and Title 18,

United States Code, Section 2.

11

## COUNT 7
## [18 U.S.C. § 641 – Theft of Government Funds]

1.      Paragraph 1 and paragraphs 3 through 12 of Count 1 of this Indictment and paragraphs 2 through 10 of Count 2 of this Indictment are incorporated as if set forth in full herein.

2.      From in or about November 2012 through in or about December 2013, in Cape May County, in the District of New Jersey and elsewhere, defendant

NICHOLAS OCHS

did knowingly and intentionally embezzle, steal, purloin, and convert to his own use and the use of another, money of the United States and FEMA in excess of $1,000, that is, approximately $252,734 in disaster relief assistance and flood insurance payments from FEMA to which he knew he was not entitled.

In violation of Title 18, United States Code Section 641, and Title 18, United States Code, Section 2.

12

## FORFEITURE ALLEGATION

1.     The United States hereby gives notice to defendant NICHOLAS

OCHS that, upon his conviction of the offenses in violation of Title 18, United

States Code, Sections 641 and 1341 charged in Counts 2 through 7 of this

Indictment, the Government will seek forfeiture in accordance with Title 18,

United States Code, Section 981(a)(1)(C), of all property, real and personal,

involved in those offenses, and all property traceable thereto, including but not

limited to a sum of money equal to at least approximately \$252,734 in United

States currency, representing the amount of proceeds obtained as a result of

the offenses.

2.     If any of the above-described forfeitable property, as a result of any

act or omission of defendant NICHOLAS OCHS:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third

party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be

divided without difficulty; it is the intent of the United States, pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

13

2461(c), to seek forfeiture of any other property of defendant NICHOLAS OCHS up to the value of the forfeitable property described above.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
WILLIAM E. FITZPATRICK
Acting United States Attorney

14

CASE NUMBER: 17-

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

NICHOLAS OCHS

INDICTMENT FOR
18 U.S.C. § 641
18 U.S.C. § 1040
18 U.S.C. § 1341
18 U.S.C. § 981
18 U.S.C. § 2
28 U.S.C. § 2461

A True Bill,

Foreperson

WILLIAM E. FITZPATRICK
ACTING U.S. ATTORNEY NEWARK, NEW JERSEY

JASON M. RICHARDSON
Assistant U.S. Attorney
Camden, New Jersey
(856) 757-5026

USA-48AD8
(Ed. 1/97)